CLERK, U.S. DISTRICT COURT

JUN -9 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

Rosa Molina
5122 Batris Lane
Quartz Hill, California [93536]
(661) 350-1096

*In Pro Per*

UNITED STATE DISTRICT COURT
CENTRAL DISTICT OF CALIFORNIA
WESTERN DIVISION

|  |  |
|---|---|
| In RE<br>ROSA MOLINA,<br><br>Petitioner<br><br>In Pro Per | CIVIL CASE # **2:21-CV-04834-RGK-ASx**<br><br>**NOTICE OF MOTION FOR SUMMARY DISPOSITION OF FINAL ARBITRATION AWARD #20190927-1AK PURSUANT TO U.S.C. TITLE 9 §9; 12 CFR §747.29**<br><br>**ORDER SUMMARY DISPOSTION SEALED** |

**NOTICE OF MOTION FOR SUMMARY DISPOSITION ON FINAL ARBITRATION AWARD #20190927-1AK PURSUANT TO U.S.C. TITLE 9 §9; 12 CFR §747.29**

Comes now, Rosa Molina, herein Petitioner and move the court for summary disposition on her arbitration award.

### Statement of Facts

The dispute rising from falsified altered documents on a student loan was settled in Arbitration. Respondent AES CREDIT failed to attend the hearing or ask for a continuance, thereby defaulted on attending the hearing. The Respondents were all

ARBITRATION FOR CONFIRMATION ONLY

1

served the Award around the time of June 9, 2020. By the operation of law, the

Respondent AES CREDIT did not move to vacate or modify the Award and is now

time barred Since September 10th, 2020 from any challenge to the Award according

to U.S.C. Title 9 Section 12.  There is an agreement through arbitration by the

Respondent's Course of Performance.

A Notice and Memorandum of Law by Affidavit is attached as (Exhibit 1),

Arbitration Award is attached as (Exhibit 2) and Arbitrator's Declaration is attached

as (Exhibit 3).   The Affidavit lays out the law and rulings established as a guidance.

## SUMMARY DISPOSITION - THE FINAL AWARD SHOULD BE CONFIRMED

This Petition to confirm the Final Award is governed by the FAA, 9 U.S.C. § 9, which

provides that the court "must grant" an Order confirming an arbitration award unless the

award is vacated, modified or corrected:

> If the parties in their agreement have agreed that a judgment of the court
> shall be entered upon the award made pursuant to the arbitration, and shall
> specify the court, then at any time within one year after the award is made
> any party to the arbitration may apply to the court so specified for an order
> confirming the award, and thereupon *the court must grant such an order*
> *unless the award is vacated, modified, or corrected as prescribed in sections*
> *10 and 11 of this title*. [9 U.S.C. §§ 10, 11] If no court is specified in the
> agreement of the parties, then such application may be made to the United
> States court in and for the district within which such award was made.

9 U.S.C. § Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008)

(citations omitted) (*there is "nothing malleable about 'must grant,' which*

*unequivocally tells court to grant confirmation in all cases, except when one of the*

*'prescribe' exceptions applies"*); Scandinavian Reins. Co. Ltd. v. St. Paul Fire and

Marine Indemnity Co. (2d Cir. 2012) *"a court 'must' confirm an arbitration award 'unless' it is vacated, modified or corrected 'as prescribed' in §§ 10 and 11."*

Respondents have not moved to vacate, modify or correct the Final Award, and for the reasons specified above, there simply would be no basis to deny confirmation of the Final Award. Judicial review of arbitration awards under the FAA is "severely limited." Scandinavian Reinsurance Co., 668 F.3d at 71. The Court is enjoined from revisiting the merits of the parties' claims and defenses in arbitration. See Am. Centennial Ins. Co. v. Global Int'l Reinsurance Co., 2012 U.S. Dist. LEXIS94754, *17 (S.D.N.Y. July 9, 2012) ("The arbitrator's 'rationale for an award need not be explained, and the award should be confirmed if a ground for arbitrator's decision can be inferred from the facts of the case.'"), "even if it appears to the court to be frivolous." AT&T Technologies, Inc. v. Communications Workers, 475 U. S. 643, 649–650 (1986).

This strong presumption in favor of confirming arbitration awards is based on the national policy favoring arbitrations:

> That aside, expanding the detailed categories [for vacating an award] would rub too much against the grain of the §9 language, where provision for judicial confirmation carries no hint of flexibility. On application for an order confirming the arbitration award, the court "must grant" the order" unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. "There is nothing malleable about" must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies. This does not sound remotely like a provision meant to tell a court what to do just in case the parties say nothing else.

* * * * *

Instead of fighting the text, it makes more sense to see the three provisions, § 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can "rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process," ...and bring arbitration theory to grief in post arbitration process. Hall St. Assocs. 552 U.S. at5 87-88, 128 S. Ct. at 1405 (citations omitted).

Here, no ground exists to disturb the Final Award. Accordingly, the Court should issue an Order on summary disposition of the Final Arbitration Award.

## **CONCLUSION**

For the foregoing reasons, Rosa Molina request that the Petition be granted in all respects, and that the Court issue an Order on summary disposition on the June 9, 2020 Final Arbitration Award, and granting Rosa Molina summary disposition.

Rosa Molina hereby declares, certifies and states, pursuant to the penalties of perjury under the laws of the United States of America, and by the provisions of 28 USC § 1746 that all of the above and foregoing representations are true and correct to the best of her knowledge, information and belief and that the Respondents did not move to vacate or modify the Award as this is incumbent on the Respondents to do so, not the Petitioner.

Dated on the _19_ day of May, 2021

by: _[signature]_ _____
Rosa Molina

## Declaration and Testimony of Arbitrator Sharyll Taratuta

**Rosa Molina**

    **Claimants**

**vs.**

    **Respondents**

**AMERICAN EDUCATION SERVICES a/k/a AES CREDIT SUNTRUST**

---

**Declarant, being duly sworn under oath, states:**

I am Sharyll Taratuta, Head Arbitrator on the LAMP Arbitration Claim Award 20190927-1AK@, submitted by Claimants Rosa Molina against Respondents, AMERICAN EDUCATION SERVICES a/k/a AES CREDIT SUNTRUST.

2. The Arbitration hearing, a federal remedy available to all parties was held on the November 11, 2019 at 3:00 pm, EST, via tele-conference. Hearing Location: virtual; nation, U.S. by neutral Arbitrators :Sharyll: Taratuta, :Stan: Wolfe, and :Everett: Bias.

3. Final LAMP Arbitration Award #20190927-1AK@ was issued June 9th, 2020. Tribunal found and awarded the following:

    a) Required written agreement was submitted to arbitration and admitted as evidence.

    b) Respondents were found to be in default due to non-response to the Claimant's requested Proof of Claim, whereby they have dishonored and waived all rights, claims, defenses, and/or standing respecting the matter and is es-topped from any collateral attacks and/or seeking disposition from any other venue, per their tacit consent to the contractual agreement.

    c) Respondents did not object or request continuance of the hearing.

    d) The Respondents had not established themselves to be holder in due course.

    e) This Tribunal finds the Order to garnish from paycheck of the Claimant is null and void.

    f) This Tribunal finds that I.R.S. Levy of $2,303.00 in June ot20L4 was wrongful based on violation of rights presented Application and Promissory Note and is null and void ab initio.

    g) SUNTRUST BANK failed to provide verifiable proof that SUNTRUST BANK and their subsidiaries are Holder in Due Course. There is no evidence on record that SUNTRUST holds the Note nor was there any verified contract between SUNTRUST and the Claimant.

## Declaration and Testimony of Arbitrator Sharyll Taratuta

Specifically, a forged signature on Note is void. A copy of the Note is not evidence just as a copy of a dollar bill does not make it a dollar bill. Once the Note is securitized, the very act of "conversion" destroys the validity and enforceability of the Note. Under multiple rulings, the Note is nullified and any underlying evidence and legality of the debt obligation secured by the Note is voided, whether or not the obligation has been paid.

h)  This Tribunal is giving the Respondent(s) NEW YORK HIGHER EDUCATION SERVICES CORPORATION 30 (thirty days) to release the awarded amount of $190,000.00.

4. Arbitration is a legally binding commercial contract between Claimants and Respondent, as evidenced by Counter Offer.

5. No party has sought to vacate or modify the Award within three (3) month time frame, wherein the Respondent, Claimants and Court are now time-barred. 9 U.S. Code § 12.

6. Arbitrators relied upon the evidence of material facts presented and the award was not procured by corruption, fraud, or undue means. There exists no reason for the court to delay or deny the confirmation.

7. *HENRY SCHEIN V. ARCHER & WHITE SALES, S. Ct. 2019.*

"*There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases....*" Therefore, the court must confirm.

I certify (or declare) under penalty of perjury under the laws of State of California that the foregoing is true and correct:

Signed on this *1st* day of *December*, 2020

Arbitrator: *Sharyll Taratuta, Arbitrator,*
Arbitrator: /S/ *Stan Wolfe*

Arbitrator: /S/ *Everett Bias*



Arbitration Award

Exhibit 2

LAMP Arbitration Award | **2020**

## LAMP Arbitration Award

## a Foreign Arbitration Award

In the matter of Claim No. 20190927-1AK©
Contract Account Number:  38-4640-6236

Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance
Of Offer Contract #: 03282019AES8XXX-6236 – RM12231960©

**Claimant:**
Rosa Molina hereinafter called Claimant

And

**Respondent(s):**

AMERICAN EDUCATION SERVICES a/k/a AES CREDIT SUNTRUST hereinafter called
"Respondent(s)" interchangeably "Alleged Lender"
Pennsylvania Higher Education Assistance Agency (NMLS# 1619466)

Account No.  38-4640-6236

**Co-Respondent(s):**
Diane Feinstein; acting Senator for California

Kamala D. Harris; acting Senator for California

William Barr; acting United States Attorney General
United States Department of Justice

Sonnie Purdue; acting United States Secretary
United States Agriculture Department

the United States Supreme Court

### RESOLUTION TO DISPUTE

### RESOLUTION COMPAINT

### 9 UNITED STATES CODES

### §1, §2, AND §9

1

# THE COMMON LAW

Disclaimer: Disfranchisement of the Claimant are void ab initio for violations of the American Constitutional Fundamental Principle

Whereas the parties stipulated and agreed that the unlawful administrative and judicial judgments, without receipts, wire transfer, or canceled check that disfranchised the Claimant are void ab initio for violations of the American Constitutional Fundamental Principle.

(d) The people of the States are free, subject only to restrictions in the Constitution itself or in constitutionally authorized Acts of Congress, to define the moral, political, and legal character of their lives[1]

(g) Acts of the national government—whether legislative, executive, or judicial in nature—that exceed the enumerated powers of that government under the Constitution violate the principle of federalism established by the Framers.

Special Requirements for Preemption. Agencies, in taking action that preempts State law, shall act in strict accordance with governing law. (a) Agencies shall construe, in regulations and otherwise, a Federal statute to preempt State law only where the statute contains an express preemption provision or there is some other clear evidence that the Congress intended preemption of State law, or where the exercise of State authority conflicts with the exercise of Federal authority under the Federal statute.

THE TEXAS CONSTITUTION READS:

19. "DEPRIVATION OF LIFE, LIBERTY, PROPERTY, ETC. BY DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

29. "BILL OF RIGHTS EXCEPTED FROM POWERS OF GOVERNMENT AND INVIOLATE. To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void."

Whereas the Arbitrators, :Sharyll: Taratuta, :Stan: Wolfe, :Everett: Bias, fully considered and granted the Claimant's request for summary disposition, and further considered all the affidavits, exhibits, evidence, and matters as to the Contract Counter Offer # 03282019AES8XXX-6236 – RM12231960© ("Contract"), its terms, promises, and obligations, as well as the relevant law and facts in support as presented during the arbitration of the controversy.

## In the Matter of Arbitration:

[1] Federal Register / Vol. 64, No. 153 /Tuesday, August 10, 1999 / Presidential Documents

The Arbitration hearing was held, via telephone conference, at 3:00 PM EST on November 11th of 2019; those attending: three (3) Arbitrators and Claimant, Rosa Molina.  Respondents did not appear nor did the Respondent(s) ask for a continuance, even though notified.

Whereas the Respondent(s) and Claimant did have prior relationship and the Respondent(s) had an obligation to respond to the reasonable requests of the Claimant.

Claimant applied to move the breached contract Account No.  38-4640-6236 to LAMP Arbitration due to lack of specific response Claimant requested from Respondent(s).

There exists a matter in dispute and/or controversy associated with the Contractual Agreement. The Claimant offered to accept the terms and conditions with a Counter offer Contract coupled with interest to resolve the matter.  One of those requests being that the Respondent(s) provide such accounting made for a complete comprehensive accounting of this account within a certain deadline for furnishing the accounting "as/is demanded!." were required by commercial contract law to respond. The Counter Offer, an Opportunity to Cure, a Default Notice, and Notice of Hearing to Arbitration and Hearing were offered to the Respondents.  As the custodian of record, a position for which the Respondent(s) volunteered, accepted such responsibility and have yet to rebut such a presumption.  The Respondents were totally quiet and through tacit acquiescence, agreed to the Claimants' terms and conditions.

Whereas the Claimant entered into a legally binding contractual relationship with Respondent(s) and the Arbitrators found that no fraud in the inducement to contract or fraud in the factum was present.  Thus, Respondent(s) are bound to the terms and obligations agreed upon and imposed on them.  Further, the arbitrator found that all elements of forming an agreement and legally binding commercial contract are satisfied.

The Arbitrators, having considered the Claimant's request for dispute resolution with supporting documents, find the following:

**Findings of the Arbitration Tribunal**

Following findings will provide information, the information makes for awareness, the awareness makes for knowledge. Acting in awareness and knowledge implies intent. Awareness knowledge and intent make for accountability. Acting in disregard of the afore mentioned can be evidence of criminality.

Whereas it was found and determined by the Arbitrators that the Respondent(s) agreed that Respondent(s) committed numerous violations of Claimant's constitutional and civil rights in the related case noted herein above, breached the terms of the contract, failed to perform to their

LAMP Arbitration Award  2020

agreed upon obligations, and thus created a dispute that requires resolution by this arbitration and award.

Respondent's insufficient or altered documents is a denial to Claimant's rights to validate the debt under state and federal law against unfair debt collection practices, predatory lending and unjust enrichment by unclean hands doctrine.

Whereas the Counter Offer/Contract lends to the fact that Respondent(s) agreed they were unable to provide the PROOF OF CLAIMS as required to substantiate a lawful transaction.  Respondent's lacked of provision of performance in evidence and lacked appearance to the Arbitration hearing. Performance by the plaintiff or some justification for nonperformance makes the Claimant's Counter Offer/Contract the last and standing agreement weather written or verbal per contract law.

Whereas it was found and determined by the Arbitrators that the Respondent(s) violated commercial regulatory statues by way of employment garnishment and IRS levy, specifically at IRS Code 5.11.2.3.2.1 (02-12-2018).  Said statue derives its authority and jurisdiction from the constitution's Commerce Clause under Article I, Section 8, Clause 3.   I.R.S., without a lawful proof of claim such as a cancelled check, wire transfer, or a receipt seized tax refund due to the Claimant.  Wage garnishment was initiated and carried out unlawfully from the Claimant's earned income.

The Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance Of Offer Contract #: 03282019AES8XXX-6236 – RM12231960© with a Common Law Arbitration Clause states "…That the arbitration process is binding on all parties and is the sole and exclusive remedy for redressing any issue associated with this agreement. That this agreement supersedes and predates as well as replaces any and all prior agreements between the parties, and is binding on all parties and irrevocable, and the parties agreed to the terms and conditions of this agreement upon default of the defaulting party as of the date of the default.[2]

The Tribunal rules that this "loan", regardless of who is calling themselves holder in due course has been fully paid as a result of the treasury program and/or other government program respectfully associated with "student loans".[3]

The Tribunal rules that issuing "the loan" in the form of BOOKKEEPING ENTRY CREDIT was deceptive, intentional and a deliberate attempt to conceal pertinent information regarding the origination of the loan and the matrix associated thereto.[4]

---

[2] Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance Of Offer Contract #: 03282019AES8XXX-6236 – RM12231960©  PROOF OF CLAIM 10297
[3] Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance Of Offer Contract #: 03282019AES8XXX-6236 – RM12231960©,  PROOF OF CLAIM 10260

LAMP Arbitration Award | 2020

Whereas it was found and determined that Respondent(s) were duty-bound and have breached their fiduciary duty of care, supporting their willful and intentional as well as deliberate default respecting the irrevocable binding contractual agreement that is coupled with interests; and

### Jurisdictional Authority:

The Arbitrator Tribunal finds that all the elements that form a contractual agreement and a legally commercial binding obligatory relationship are present.  The Arbitrators have Subject Matter Jurisdiction, acknowledge by Title 9 U.S. Code §1, §2, AND §9.

Whereas the Contract clearly expressed that the method to settle and resolve any/all disputes arising thereunder the settled by arbitration under the authority of the Federal Arbitration Act, and further stipulated and appointed  "a designated arbitrator shall be chosen at random, who is duly authorized, and in the event of any physical or mental incapacity to act as arbitrator" as the agreed upon arbitrators of record.  Respondent(s) did not object, protest, or attempt to amend any portion of said provisions at any time.[5]  The Contract stated that any final and binding arbitration award may be confirmed in the District Court of the United States, pursuant to Title 9 of the United States Code at Sections 9 and 13.

The parties entered into a legally binding contractual relationship and the Arbitrator Tribunal finds that there is no fraud and/or any attempt to induce fraud and/or to commit fraud, and/or inducement of contract, and/or fraud in the factum respecting the instant matter and 'Conditional Acceptance for the Value/Agreement/Counter offer to Acceptance of Offer'.  Thus, the parties are bound by the terms and obligations agreed upon and imposed upon them as a direct result of the contractual agreement.

### Final Findings of the Arbitration Tribunal

As Judge Kavanaugh plainly states; "That conclusion follows not only from the text of the Act but also from precedent.  We have held that a court may not "rule on the potential merits of the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to be frivolous."   A Court has '"no business weighing the merits of the grievance"' because the

---

[4] Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance Of Offer Contract #: 03282019AES8XXX-6236 – RM12231960©, PROOF OF CLAIM 10261
[5] Silence may constitute an acceptance if there is a relationship between the parties or a previous course of dealing by which silence should be understood as acceptance. Southern Cal. Acoustics Co. v C.V. Holder Inc. (1969) 71 C2d 719, 722, 79 CR 319" See also Circuit City Stores Inc. v Najd (9th Cir. 2002), 294 F3rd 1104, 1109 Silence may operate as an acceptance under the rule stated in the Restatement (Second) of Contracts 69(1)(b) "where the offeror has stated or given the oferee reason to understand that assent maybe manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer". Golden Eagle Ins. Co. v. Foremost Ins. Co. (1993) 20 CA4th, 1372, 1385, 25 CR2d 242

## LAMP Arbitration Award | 2020

'"agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious"'   AT&T Technologies principle applies with equal force to the threshold issue of arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator.

a) There is a matter in dispute and an application to LAMP Arbitration for an alternative dispute resolution, brought forth by Claimant, :Rosa: Molina.  A written agreement to arbitration is on the record of the related matter and all parties were notified of the arbitration hearing.

b) A hearing was held on November 11th, 2019 at 3pm EST. Attending the hearing was the Claimant, three Arbitrators.

c) All Respondents (and representatives) failed to appear.  There were no requests made for a continuance.

d) The Respondents and Claimant had nexus by contract.

e) A conditional acceptance of the contract was offered by the Claimant and the Respondents had an obligation to respond under commercial contract law.

f) All Respondents have been unresponsive to all notices and have defaulted by their tacit acquiescence, positioning the terms and conditions in favor of the Claimant. Respondents; thus, agreed.

g) This Tribunal finds the Order to garnish from paycheck of the Claimant is null and void. [6]

h) This Tribunal finds that I.R.S. levy of $2,303.00 in June of 2014 was wrongful based on violation of rights[7] presented Application and Promissory Note and is null and void ab initio.[8]

i) SUNTRUST BANK failed to provide verifiable proof that SUNTRUST BANK and their subsidiaries are Holder in Due Course.   There is no evidence on record that SUNTRUST holds the Note nor was there any verified contract between SUNTRUST and the Claimant. Specifically, a forged signature on Note is void. A copy of the Note is not evidence just as a copy of a dollar bill does not make it a dollar bill.  Once the Note is securitized, the very act of "conversion" destroys the validity and enforceability of the Note. Under multiple rulings, the Note is nullified and any

---

[6] 5.11.2.3.2.1 (02-12-2018) A taxpayer who claims that the levy is "erroneous" (Refer to IRM 5.11.2.3.2, Wrongful and Erroneous Levies) is entitled to a CAP before the levy proceeds are turned over to the Service. Once the levy proceeds are turned over the taxpayer is not entitled to CAP rights and the taxpayer must make an administrative claim under Treasury Reg. 301.6343-3(h). If the administrative claim is denied, the taxpayer would then have the right to request a CAP appeal about the denial.

[7] 37 Am Jur 2d at section 8 states, in part: "Fraud vitiates every transaction and all contracts.

[8] I.R.S. Code 5.11.2.3.2.1

underlying evidence and legality of the debt obligation secured by the Note is voided, whether or not the obligation has been paid.[9]

j)  Considering the brief of the Claimant, the Conditional Acceptance, the Respondents' dishonor, and the lack of evidence in support of Respondents, the Arbitration Tribunal finds in favor of the Claimant.

k)  This Tribunal is giving the Respondent(s) 30 (thirty days) to reimburse Claimant treble damages which includes actual damages for the wrongful and erroneous 2014 federal refund levied for tax year 2013,[10] treble damages and punitive damages in the amount of $190,000.00 and deliver a clean and clear credit history to :Rosa: Molina.

l)  This Tribunal is giving the Respondent(s) NEW YORK HIGHER EDUCATION SERVICES CORPORATION 30 (thirty days) to release the awarded amount of $190,000.00.

m)  This action is barred by Res Judicata .

So, by the best of the Arbitrator(s) ability which perfectly executed the powers to the extent that a mutual, final and definite award upon the subject matter submitted has been rendered.  Title 5 § 572 has been complied with by this Arbitrator(s) and LAMP Arbitration, and

This Final Award is protected by Federal Rule of Civil Procedure 61. Harmless Error and

That this award may only be modified under the following circumstances –
(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award, the Arbitrator relied on the contract and the amount specified within the agreement; and

Where the Arbitrators may have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted, the Arbitrator has relied upon the evidence presented and the contractual agreement and terms specified therein; and

It shall be forever known and stated, that this Arbitrators relied on and carefully considered the evidence presented and the intentions of the contract; and not otherwise.  'Conditional Acceptance

---

[9] [State Street Trust Co. v Mushagee Electric Traction Co. (CA10 Okla) 204 F2d 920;  Darland v Taylor, 52 Iowa 503, 3 NW 510; Landmark National Bank v Kesler, 2009 Kan. LEXIS 834; District of Columbia v Cornell, 130 US 655, 32 L ed 1041, 9 S Ct 694.]
[10] Borrower defense to repayment is a federal student loan forgiveness program for borrowers whose schools violated certain laws, or defrauded or misled students. https://studentaid.gov/manage-loans/forgiveness-cancellation/borrower-defense

LAMP Arbitration Award   2020

for the Value/Agreement/Counter offer to Acceptance of Offer' Contract applied set by precedent case law marked in footnote #2 and #3 and followed the guidelines set forth in Title 9 and

That the arbitrators, :Sharyll: Taratuta, :Stan: Wolfe, :Everett: Bias, recover from the UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE, the amount of $12,000.00 flat fee for cost and fees of conducting the arbitration. Payment is due in full upon presentation of an invoice by the arbitrator to the U.S. DEPARTMENTO F JUSTICE and/or the U.S. DEPARTMENT OF THE TREASURY along with an attached copy of this award; and

That we are duly appointed by the parties as stipulated in the agreement and as per the law this order is binding on all parties and I have come to the conclusions stated herein based on the facts and the evidence presented at the time of this arbitration award. This decision and/or rendering is not interim, that this is a final decree and judgment by this Arbitrator shall remain in effect and enforced as un-amendable immediately upon issuance.

SO, AWARDED.

LAMP Award # Claim No. 20190927-1AK©

Be it so this _09_ day June, 2020.

By: Sharyll: taratuta, arbitor.
:Sharyll: Taratuta - Arbitrator

:Stan: Wolfe - Arbitrator
:Everett: Bias - Arbitrator





8

LAMP Arbitration Award | 2020

# LAMP ALL-PURPOSE PROOF OF SERVICE

LAMP Claim Award # 20190927-1AK©

Re: Account No.  38-4640-6236

I, _____*Kelly*_____, being at or more than the age of eighteen (18), and of the majority and not a party to the action, and one of the people of the United States, did mail the document entitled: LAMP Arbitration Award by emailing, faxing, hand delivering or placing it in an envelope with name and address as follows:

| | |
|---|---|
| **Claimant:**<br>Rosa: Molina<br>c/o 5122 Batris Lane<br>Quartz Hill, CA [93536] | **Serviced By:**<br><br><br>Priority Mail |
| **Respondent(s):**<br>AES CREDIT   hereinafter called "Alleged Lender"<br>SUNTRUST<br>P.O. Box 61047<br>Harrisburg, PA 17130-0001 | <br><br><br>Priority Mail |
| **Co-Respondent(s):**<br>Diane Feinstein; acting Senator for Californians<br>331 Hart Bldg.<br>Washington, DC 20510 | <br><br>USPS Cert. Mail Form #3665 |
| Kamala D. Harris; acting Senator for Californians<br>112 Hart Senate Office Building<br>Washington DC 20510 | <br><br>USPS Cert. Mail Form #3665 |
| William Barr; acting United States Attorney General<br>United States Department of Justice<br>950 Pennsylvania Avenue,<br>NW, Washington, DC 20530-0001 | <br><br>USPS Cert. Mail Form #3665 |
| Sonnie Purdue; acting United States Secretary<br>United States Department of Agriculture<br>1209 Lytle Creek Rd<br>Lytle Creek, CA 92358 | <br><br>USPS Cert. Mail Form #3665 |
| the United States Supreme Court<br>1 First St NE<br>Washington, DC 20543 | <br>USPS Cert. Mail Form #3665 |

Date: *10th of June, 2020*

By: *Kelly*

LAMP Arbitration

Arbitrator's Declaration and Testimony

Exhibit 3